## The State *v.* The Judge of the Third District Court of New Orleans.

A *mandamus* will not be issued to a judge of the district, directing him to grant an appeal from an interlocutory decree ordering the sale of partnership property in a suit between partners for a dissolution and settlement of the partnership.

A MANDAMUS was applied for on the following grounds : "That, by the record of the said suit, it appears that the parties, plaintiff and defendant, were interested as partners and co-partners, but not equal in interest, in a newspaper published in this city, known as the *Daily Orleanian.* That the plaintiff, *J. C. Prendergast,* in December last, sued for a dissolution of said interest, claiming that it was not a full partnership interest which *O'Reilly,* the defendant, held, but only a smaller part interest. That then the defendant, in his answer, sued out a writ of sequestration, and sought to take all the property in his own hands and control; so the plaintiff was compelled to give large bond therefor. That then the suit upon its merits was referred to auditors, and the said auditors have not yet passed upon the same. That while the suit was yet before the auditors, and before any hearing had been had upon the merits, the defendant moved for a sale of the property in dispute, viz : the *Daily Orleanian ;* and the same was ordered by the court to be sold *en bloc* on time, for notes which should be deposited in court, to abide the final decree in the cause. That, from this order, as well as from an interlocutory judgment, the plaintiff prayed leave to appeal, and filed a good bond therefor, and the same was ordered ; and that after and on the 26th of April, instant, the court did rescind the said order, and has refused to allow the said appeal, and the sale of the whole property will take place ; and so, unless the mandate of this honorable court intervene, irreparable injury will be done the plaintiff, your petitioner.

"Your petitioner respectfully shows, and does on oath aver, that the defendant is not and never was a full partner with him; that this is a question at issue, to be passed upon on the trial of this cause. That there is no good reason on the defendant's part, to show that the sale ordered is either just, necessary or reasonable ; and if made now, it will assuredly do great mischief and hurt to your petitioner, and will indeed work him an irreparable injury. That he has a right to the appeal to this honorable court, which has been duly asked for and refused, and he hopes to obtain it. And having thus respectfully stated the nature of his right, and of the injury which he will sustain, he prays, all being considered and the record, that this honorable court will interpose its high authority and grant the rule prayed for, and order the appeal asked, and in due time make it absolute, and all right do in the premises."

The answer of the district judge was as follows : " The judge of the Third District Court of New Orleans, for cause why a *mandamus* should not issue herein, respectfully shows, that the property referred to is partnership property not susceptible of division in kind ; a sale of which, at some time, is therefore unavoidable. The power of district courts to order the sale of partnership property, without waiting for the settlement of the partnership accounts, was recognized in the case of *Kohn et al* v. *Marsh*, 3 R. R. 48. If the plaintiff, *Prender-*

*gast*, should suffer loss by having the property taken out of his possession by a sale, it would be simply *damnum absque injuria:* the loss of a benefit to be gained by employing the common stock, after the dissolution of the partnership, to the exclusion of his co-partner.   If he means that a sale, after the final decision of the cause, will be more beneficial to all the parties in interest than a sale at this season, what certainty is there that the final decision will not be delayed until this season next year?   If any period short of the final decision may be selected, by whom, the parties disagreeing, can it be selected except by the district judge in the exercise of a sound discretion?   The evidence taken in the rule to show cause why the order of appeal should not be rescinded, satisfied the district judge that the execution of the decree of sale would not cause an irreparable injury to the plaintiff, in the sense of the law.   The entire record of the suit is herewith transmitted for reference and verification of the facts above stated.  And the respondent now submits himself, as in duty bound, to the decision of this honorable court.   T. H. KENNEDY, Judge of the Third District Court of New Orleans.

*W. S. Upton*, for application.

The judgment of the court was pronounced by ;

SLIDELL, J.   In consideration of the views expressed by the district judge, it is ordered, adjudged and decreed, that the application for a writ of *mandamus* in this case be refused, at the applicant's costs.